**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 24, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

MAURICE A. LEE,

        Plaintiff-Appellant,

v.

WILL CARLSON, Captain at the Utah
State Prison, individually; WADE
BULLOCK, Officer at the Utah State
Prison, individually; BRET
ZIMMERMAN, Officer at the Utah
State Prison, individually; W.J.
FARNSWORTH, Lieutenant at the
Utah State Prison, individually; JOHN
DOES 1-10, employees at Utah State
Prison, individually,

        Defendants-Appellees.

No. 07-4093
(D.C. No. 2:03-CV-1098-PGC)
(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, **McCONNELL** and **GORSUCH**, Circuit Judges.

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Pro se plaintiff Maurice A. Lee, a Utah state prisoner, appeals the district court's order granting summary judgment to the defendants on the basis of qualified immunity. We take jurisdiction under 28 U.S.C. § 1291 and affirm.

Mr. Lee's suit under 42 U.S.C. § 1983 alleged that his First Amendment rights were "violated when the written manuscripts, novels, short stories and artwork of his own original ideas were illegally confiscated [from his prison cell] . . . by the defendants."[1] R., Doc. 5 at 3. During litigation, Mr. Lee conceded the defendants were justified in seizing one of his short stories as sexually-explicit material forbidden by prison regulations. As to the confiscation of the remaining materials, he requested money damages and an injunction ordering the defendants to return the materials to him.

On summary judgment, the district court found there were genuine issues of material fact whether confiscation of Mr. Lee's property violated the First Amendment. Nonetheless, the court found the defendants were entitled to qualified immunity because they acted reasonably. After reviewing the record and considering the parties' arguments, we affirm substantially for the same reasons set forth by the court in its March 27, 2007, order.

When qualified immunity is raised as a defense, the burden shifts to the plaintiff to "first establish that the defendant's actions violated a constitutional or

---

[1]     Mr. Lee does not appeal from the district court's order dismissing his other claims during screening under 28 U.S.C. § 1915(e)(2)(b).

-2-

statutory right." *Medina v. Cram*, 252 F.3d 1124, 1128 (10th Cir. 2001) (citations and quotation omitted). If the plaintiff meets this burden

> he must then demonstrate that the right at issue was clearly established at the time of the defendant's unlawful conduct. In determining whether the right was "clearly established," the court assesses the objective legal reasonableness of the action at the time of the alleged violation and asks whether the right [was] sufficiently clear that a reasonable [defendant] would understand that what he is doing violates that right. . . . If the plaintiff fails to satisfy either part of the two-part inquiry, the court must grant the defendant qualified immunity.

*Id*. (quotation omitted).

This court reviews "summary judgment based on qualified immunity de novo, considering all evidence in the light most favorable to the non-moving party. [J]udgment is appropriate if the record shows . . . no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law.'" *Ward v. Anderson*, 494 F.3d 929, 934 (10th Cir. 2007) (quotation omitted).

In evaluating whether the law was clearly established at the time of the alleged constitutional violation, the district court correctly held that "even if the violated right is clearly established, '[q]ualified immunity shields an officer from suit when she makes a decision that, even if constitutionally deficient, reasonably misapprehends the law governing the circumstances she confronted." R., Doc. 59 at 13 (quoting *Brosseau v. Haugen*, 543 U.S. 194, 198 (2004)). The court found although in hindsight the defendants confiscated non-sexually explicit material,

"those facts were not obvious to [the] [d]efendants *at the time of their actions. . . .* In the prison context of overwhelming security concerns and limited resources, such reasonable mistakes are inevitable." *Id.* at 14 (emphasis added). This finding is supported by the record.

Despite its conclusion that the defendants were entitled to qualified immunity, the district court granted Mr. Lee's request for injunctive relief. It found "a substantial likelihood that [his] constitutional rights will be violated if he is permanently deprived of his non-sexually explicit writings," *id.* at 15, and ordered their immediate return to him. On appeal, Mr. Lee complains that prison officials have not complied with the order; however, he must seek relief in the district court in the first instance.

We AFFIRM the judgment of the district court. Mr. Lee's motion to proceed in forma pauperis is GRANTED, and he is reminded of his continuing obligation to make partial payments until he has paid the filing fee in its entirety.

Entered for the Court

Deanell Reece Tacha
Circuit Judge

-4-